IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 09-cv-01880-WYD

IN RE:

BILLY J. VIOLA; and
PATTY A. VIOLA,

    Debtors,

---

BILLY J. VIOLA; and
PATTY A. VIOLA,

    Appellants,

v.

PAUL T. GEFREH, Chapter 7 Trustee,

    Appellee.

---

# ORDER

## I. INTRODUCTION

THIS MATTER comes before the Court on the appeal by Appellants Billy J. Viola and Patty A. Viola ("Appellants or Debtors") from an order issued by the Bankruptcy Court in bankruptcy case no. 09-17817-ABC. This appeal arises from the Bankruptcy Court's August 5, 2009 order dismissing the Debtors' Chapter 7 case for failure to provide a tax return to the Chapter 7 trustee in a timely manner pursuant to

11 U.S.C. § 521(e)(2)(A)(I).[1]

## II.     BACKGROUND

On April 29, 2009, Debtors filed the underlying Chapter 7 bankruptcy petition. Paul T. Gefreh was appointed the interim trustee. The first meeting of the creditors was scheduled for June 17, 2009. Debtors prepared and timely filed 2007 income tax returns prior to April 15, 2008. Copies of the 2007 income tax returns were not provided to the trustee prior to the June 17, 2009 meeting of creditors. On June 17, 2009, the meeting of creditors occurred in Pueblo, Colorado. The Debtors and their counsel were present. Copies of the 2007 tax returns were provided to the trustee at the June 17, 2009 meeting.

However, on June 16, 2009, the trustee filed a report with the Bankruptcy Court stating that the Debtors had failed to provide their 2007 tax returns in advance of the meeting of the creditors. On June 18, 2009, counsel for the Debtors filed an objection to the trustee's report that no tax returns had been filed. On July 29, 2009, the Bankruptcy Court held a hearing on the objection and heard argument. On August 5, 2009, the Bankruptcy Court entered an order dismissing the case. Appellants timely filed the instant appeal, which is now before me.

---

[1] Matters raised by the parties that are outside the record or unrelated to the Bankruptcy Court's August 5, 2009 order were not considered in my ruling. *See Cummings v. Norton*, 393 F.3d 1186 (10th Cir. 2005); *In re Walker*, 959 F.2d 894 (10th Cir. 1992).

III. ANALYSIS

    A. Standard of Review

On appeal, I may affirm, modify, or reverse the Bankruptcy Court's order, or remand with instructions for further proceedings. *Kimco Leasing,Inc. v. Knee,* 144 B.R. 1001, 1005 (N.D.Ill. 1992). I must review the findings of fact under a "clearly erroneous" standard. *Id*. A "finding of fact is clearly erroneous if it is without factual support in the record or if, after a review of all the evidence, we are left with the definite and firm conviction that a mistake has been made." *In re Davidovich*, 901 F.2d 1533, 1536 (10th Cir. 1990). I must review the Bankruptcy Court's conclusions of law, on the other hand, *de novo*. *Id*. "The burden of proof is on the party seeking to reverse a bankruptcy court's holding." *In re Johnson*, 236 B.R. 510, 518 (D.C.Cir. 1999). "That party must show that the court's holding was clearly erroneous as to its assessment of the facts or erroneous in its interpretation of the law, and not simply that another conclusion could have been reached." *Id*. Further, "remedial statutes such as the Bankruptcy Code are generally held to be liberally construed in favor of the debtor in order to better facilitate that debtor's fresh start." 157 B.R. 268, 272 (Bankr. W.D.Va. 1993).

    B. <u>Whether the Bankruptcy Court Erred in Dismissing the Chapter 7 Bankruptcy Case due to the Debtors' Failure to Timely Provide Tax Returns to the Trustee in Accordance with 11 U.S.C. § 521 (e)(2)(A)(i)</u>

In this appeal, Appellants argue that the Bankruptcy Court committed reversible error in dismissing Debtor's Chapter 7 bankruptcy case for failure to provide tax returns to the trustee at least seven days prior to the meeting of creditors as required by 11 U.S.C. § 521(e)(2)(A)(i). 11 U.S.C. § 521(e)(2)(A) and (B) reads in pertinent part:

> (A) The debtor shall provide not later than 7 days before the
> date first set for the first meeting of creditors, to the trustee a
> copy of the Federal income tax return required under
> applicable law (or at the election of the debtor, a transcript of
> such return) for the most recent tax year ending immediately
> before the commencement of the case and for which a
> Federal income tax return was filed;
> . . .
> (B) If the debtor fails to comply with clause (i) or (ii) of
> subparagraph (A), the court shall dismiss the case unless
> the debtor demonstrates that the failure to so comply is due
> to circumstances beyond the control of the debtor.

11 U.S.C. § 521(e)(2)(A) and (B).

Here, Appellants argue that the phrase "for the most recent tax year ending immediately before the commencement of the case and for which a federal income tax return was filed" means the year prior to the filing of the case, or 2008.

After holding an evidentiary hearing on July 29, 2009, the Bankruptcy Court found that the Appellants failed to provide the 2007 tax returns in a timely manner and dismissed the case. Turning to my analysis, I agree with the Bankruptcy Court and find Appellants' argument to be without merit. First, Appellants fail to cite any authority supporting their argument. In fact, the only case on point cited by the Appellants is a case that held to the contrary. *See In re Merrill*, Bankruptcy Case No. 06-10046-MWV (N.H. 2006). Second, in reviewing the relevant statutory language, I conclude that it was the intent of Congress that a trustee be provided with the information contained within a tax return. Thus, I find that the language "for the most recent tax year ending immediately before the commencement of the case and for which a federal income tax return was filed" unambiguously requires the debtor to provide the tax return for the

most recent year for which a tax return was filed, which is 2007 in this case. *See Chickasaw Nation v. United States*, 208 F.3d 871, 880 (10th Cir. 2000) (holding that canons of statutory construction apply only where the statute at issue is ambiguous).

Based on the record before me, I find that the Bankruptcy Court carefully and thoroughly weighed all of the evidence before making his ruling. The Bankruptcy Court examined the arguments of both parties along with the relevant documents, and made sound and well-reasoned findings. The burden of proof is on the party seeking to reverse a bankruptcy court's holding, and I conclude that Appellants failed to meet this burden. Accordingly, I find that there is no evidence in the record of any error with respect to the dismissal of Appellants' Chapter 7 bankruptcy case pursuant to 11 U.S.C. § 521(e)(2)(A) and (B).

IV. <u>CONCLUSION</u>

Based on the foregoing, it is

ORDERED that the Bankruptcy Court's August 5, 2009 order is **AFFIRMED.** It is

FURTHER ORDERED that Appellants Billy J. Viola and Patty A. Viola's appeal of the Bankruptcy Court's dismissal of their Chapter 7 bankruptcy case is **DISMISSED.**

Dated: July 1, 2010

                                      BY THE COURT:

                                      s/ Wiley Y. Daniel
                                      Wiley Y. Daniel
                                      Chief United States District Judge